IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SENECA ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 06 C 4856 |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE NORGLE |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OFFICERS'**
**MOTION FOR A STAY OF DISCOVERY**

Defendants, Chicago Police Sergeants Joseph Keeter, Lawrence Winters and Estanisla Partida and Officers James Foley, Kevin Prendkowski, John Dahlberg, Timothy McKeon, Kevin McDonald, Matthew Riley, Todd Jaros and Jennifer O'Shaughnessy, by their attorney, Geri Lynn Yanow, Assistant Corporation Counsel for the City of Chicago, request this Honorable Court stay discovery in this lawsuit. In support of this motion, Sgts. Keeter, Winters and Partida and Officers Foley, Prendkowski, Dahlberg, McKeon, McDonald, Riley, Jaros and O'Shaughnessy state as follows:

1.  At this time one co-defendant has been indicted for actions which relate directly and indirectly on the substance of the claims alleged by plaintiffs.

2.  Sgts. Keeter, Winters and Partida and Officers Foley, Prendkowski, Dahlberg, McKeon, McDonald, Riley, Jaros and O'Shaughnessy , if discovery were to proceed only against them, would be forced into the untenable position of defending themselves without full benefit of discovery from, and consultation with, all the

defendants in this matter.

3. Moreover, Sgts. Keeter, Winters and Partida and Officers Foley, Prendkowski, Dahlberg, McKeon, McDonald, Riley, Jaros and O'Shaughnessy may also be impacted by the on-going criminal investigation concerning their co-defendant, as well as other matters relating either directly or indirectly to the claims alleged by plaintiffs.

4. This Court has broad discretion to stay discovery in a civil proceeding where, as here, an ongoing criminal investigation may also force Sgts. Keeter, Winters and Partida and Officers Foley, Prendkowski, Dahlberg, McKeon, McDonald, Riley, Jaros and O'Shaughnessy to choose between protecting their Fifth Amendment rights and defending a civil lawsuit[1]. *See, e.g., SEC v. Dresser Industries*, 628 F.2d 1368, 1372 (D.C. Cir. 1980); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2nd Cir. 1986); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450-52 (S.D. Ind. 2003); *Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y. 1985).

5. Courts will consider the following seven factors in deciding whether to stay civil discovery under these circumstances: (1) does the civil action involve the same subject matter as the criminal investigation; (2) is the government a party to the civil action, (3) the criminal investigation's posture, (4) the effect that a stay will have on the "public interest," (5) judicial efficiency, (6) the prejudice, if any, that a stay would cause the civil plaintiff, and (7) the prejudice that the defendant will suffer if a stay is not issued. *See, e.g., Jones*, 216 F.R.D. at 451; *Benevolence Int'l Found., Inc. v. Ashcroft*,

---

[1] The Officers may be called to testify as witnesses in the criminal matters concerning the on-going investigations. The Officers may also be "targets" of the on-going criminal investigations.

200 F.Supp.2d 935, 938 (N.D. Ill. 2002); *Cruz v. County of DuPage*, No. 96 C. 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997).

6. These factors all favor a stay of discovery in this case. Here, the civil action involves the same subject matter as the criminal investigation and may involves the same facts alleged by plaintiffs. The criminal investigation is on-going as is the criminal defense of Officer Hopkins.

7. In addition, staying discovery will promote an efficient use of judicial resources in that it may reduce the scope of discovery necessary in this case or otherwise simply the issues, and remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. Plaintiffs will not be irreparably harmed if discovery is stayed.

8. The "ultimate question," nonetheless, is "whether the [C]ourt should exercise its discretion [and stay discovery] in order to avoid placing [Defendants] in the position of having to choose between risking a loss in [this civil case] by invoking their Fifth Amendment rights, or risking [prosecution] by waiving their Fifth Amendment rights and testifying in the civil proceedings." *Jones*, 216 F.R.D. at 451. (internal quotation marks and citation omitted).

9, This Court has already granted such a stay in *Gutierrez v. City*, 06 C 4338.

10. This Court should exercise its discretion and stay all discovery as to Sgts. Keeter, Winters and Partida and Officers Foley, Prendkowski, Dahlberg, McKeon, McDonald, Riley, Jaros and O'Shaughnessy for the reasons set forth herein.

**WHEREFORE,** Chicago Police Sgts. Keeter, Winters and Partida and Officers

2

Foley, Prendkowski, Dahlberg, McKeon, McDonald, Riley, Jaros and O'Shaughnessy, respectfully request all discovery be stayed until completion of the criminal matters pending against any and all defendants.

                Respectfully submitted,

                /S/ GERI LYNN YANOW
                GERI LYNN YANOW
                Assistant Corporation Counsel

30 N. LaSalle Street
Suites 1400
Chicago, Illinois 60602
(312) 744-2837
(312) 744-6566 (FAX)
Attorney No.: 06198618

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have caused true and correct copies of the above and foregoing **OFFICERS' MOTION TO STAY DISCOVERY** be electronically delivered to the persons named in the foregoing Notice at the address therein shown, on this 27th day of March, 2007.

/S/ GERI LYNN YANOW
GERI LYNN YANOW