# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4856 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Adams et al. Vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, Plaintiffs' Motion to Compel Defendant City to Respond to Discovery Regarding the City's Broken Disciplinary and Supervisory Systems [150] is denied as premature. Motion hearing date of 3/15/11 is stricken. Status hearing set for 3/24/11 at 9:30 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

### BACKGROUND

Plaintiffs Seneca Adams, Tari Adams and Sicara Adams, who are siblings, bring claims under 42 U.S.C. § 1983 for civil rights violations including excessive force, unlawful seizure, and conspiracy to violate civil rights, and state law claims for malicious prosecution and intentional infliction of emotional distress. (Second Am. Compl.) [Dkt 127.] Plaintiffs allege that on Sept 14, 2004, Senaca Adams was arrested, kicked and beaten by the individual defendants although he submitted to arrest, and that defendants also had confrontations with his sisters, Tari and Sicara Adams, in which Tari was punched and struck. All three plaintiffs were charged with crimes based on allegedly false information. The charges against Sicara Adams were dismissed. Seneca and Sicara Adams were acquitted of felony charges arising out of the incidents, but were convicted of misdemeanor charges that were subsequently vacated.

Plaintiffs imply that the individual defendants were at the time part of the Special Operations Section ("SOS") of the Chicago Police Department.[1] This case was stayed for several years because of criminal charges pending against some of the defendants and because of federal and state investigations of the SOS. (Order, Mar. 28, 2007.) [Dkt 32.] The stay was lifted in June 2009. [Dkt 104.]

### DISCUSSION

In the present motion, plaintiffs seek an order requiring the City of Chicago ("City") to produce certain documents and answers sought in plaintiffs' Third Set of Requests for Production of Documents and First Set of Interrogatories. (Pls.' Mot. at 2 n.1.) The City served objections to almost every aspect of those requests including the definitions. (*See* Pls.' Mot., Ex. A, Def. City's Resp. Pls.' Third Requests Production Docs.) The requests are very broad, seeking, for example, "[a]ll data relating to the complaint and disciplinary histories of each and every Chicago police officer for the relevant time period [January 1, 2000 through December 31,

2005]." (*Id*. at 6.)  Plaintiffs argue that their requests are relevant to their *Monell* claim.  (Pls.' Mot. at 2.)

After reviewing the motion in light of the docket in this case, the court concludes that the motion must be denied as premature for two reasons.

First, there is a fundamental problem with plaintiffs' argument: plaintiffs' second amended complaint does not express a claim under *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1978).  Plaintiffs' initial complaint contained an extremely broad *Monell* claim.  (*See* Compl. Count VI ¶¶ 55-60.)  [Dkt 1.]  That claim was also included in the first amended complaint.  (First Am. Compl. Count XI ¶¶ 56-61.)  [Dkt 17.]  The second amended complaint, which was filed after the stay was lifted, does not include the *Monell* claim.

Federal Rule of Civil Procedure 8(a)(2) and (3) requires that "[a] pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative  or different types of relief."  Looking through the second amended complaint, the court could not find a claim, including the "short and plain statement of the claim" and the demand for relief required by Rule 8, against the City pursuant to *Monell.*  Although allegations about the City's allegedly inadequate supervision and discipline of police officers appear at various points throughout the complaint, no count expresses a claim of liability against the City and states a demand for relief against the City.  There is a generalized demand at the end of the second amended complaint against "the Defendants, jointly and severally, for compensatory damages" but that cannot include the City, because the City is not "jointly and severally liable" with its employees for the employees' constitutional violations.  That is the primary holding of *Monell*:  a municipality can be liable under § 1983 for *the municipality's own violations* of the Constitution, but it cannot be held vicariously liable for civil rights violations committed by its employees.  *Los Angeles Cty, Cal. v. Humphries,* _____ U.S. ____, 131 S.Ct. 447, 452 (2010).

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.
>
> . . .
>
> On the other hand, the language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official policy of some nature caused a constitutional tort.  In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Monell,* 436 U.S. at 690-91 (emphasis in original).[2]

This distinction is not just nit-picking.  In the absence of an explicit *Monell* claim in this case, it is not possible to begin to determine whether the discovery plaintiffs seek (or some part of it) should be compelled. The scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Discovery requests must be evaluated in light of the claim or defense.  Without a claim, there cannot be discovery.

That leads to the second fundamental problem with plaintiffs' motion: the case is not at issue.  As far as the docket reflects, defendants have never answered, moved or otherwise responded to any of the three complaints filed in this case.  After the initial complaint was served, defendants obtained an extension of time to answer it.  [Dkt. 15.]  Before any answer was filed, plaintiffs filed the first amended complaint.  [Dkt 17.] Before any answer to that was filed, the District Judge granted defendants' motion to stay because of the pending

| |
|---|
| **STATEMENT** |
| criminal case against defendant Hopkins and the federal and state investigations. [Dkt 32.] During the stay, the parties met with Magistrate Judge Mason in an unsuccessful attempt to settle the case. [Dkt 42, 65.] After the stay was lifted in June 2009, the parties met to plan discovery, apparently overlooking the fact that defendants had never filed a response to the first amended complaint. (Rule 26(f) Rpt.) [Dkt 106.] Subsequently, plaintiffs moved for and were granted leave to file the second amended complaint, which was filed on April 1, 2010. [Dkt 125, 126, 127.] The docket does not show that any defendant ever answered, moved or otherwise responded to that second amended complaint.<br><br>Notwithstanding the lack of an answer, the parties are deep into discovery and have brought to the court the present motion, along with defendants' response and plaintiffs' reply. Collectively, those papers are more than one inch thick. The identical motion, response and reply have also been filed in another case with different plaintiffs arising from a different incident, *Padilla v. City of Chicago*, 06 C 5462 [dkt 368, 379, 388], which is pending before another District Judge and Magistrate Judge.<br><br>It appears that lawyers for both sides have been so swept up in the heat of a running battle being waged from courtroom to courtroom that they have forgotten the fundamental principles of claim and defense, and forgotten that a lawsuit is about deciding the particular rights and liabilities of these parties arising out of these events, not about discovery for its own sake.<br><br>Until the problems discussed above are cured, this court cannot decide whether any or all of the extensive discovery plaintiffs seek should be compelled under the standards of Federal Rule of Civil Procedure 26. Accordingly, the motion is denied as premature. |

1. Plaintiffs' second amended complaint discusses the SOS but never actually alleges that the individual defendants were part of the SOS. The closest plaintiffs come to alleging any defendant was involved in the SOS is in paragraph 46, which reads: "Defendant Officer Hopkins, as well as several other of the Defendant Officers' former teammates, have since pleaded guilty to the criminal charges against them stemming from their conduct as SOS officers."

2. "Policy" also includes governmental custom even though such a custom has not received formal approval through the body's official decision making channels. *Monell,* 436 U.S. at 691.