# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4856 | **DATE** | 9/29/2011 |
| **CASE TITLE** | Seneca Adams, et al. vs. City of Chicago, et al. | | |

## DOCKET ENTRY TEXT

Defendant City of Chicago's Motion to Dismiss Counts I Through VIII and Certain Paragraphs of Plaintiffs' Fourth Amended Complaint [229] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    On June 14, 2011, Plaintiffs Seneca Adams, Tari Adams, and Sicara Adams ("Plaintiffs") filed their Fourth Amended Complaint. As relevant here, Plaintiffs allege that Defendant Officers: arrested Plaintiffs without probable cause (Count II) and used excessive force in doing so (Count I), seized Plaintiff Sicara Adams's vehicle unlawfully (Count III), deprived Plaintiffs Seneca Adams and Tari Adams of their constitutional right to a fair trial by deliberately withholding material impeachment evidence (Count IV), denied Plaintiffs equal protection of the law (Count V), failed to intervene to prevent the misconduct (Count VI), and conspired to deprive Plaintiffs of their constitutional rights (Count VII). Plaintiffs also assert a Monell claim against the City of Chicago (Count VIII). Defendant City of Chicago moves to dismiss Counts I-VIII and certain paragraphs of Plaintiffs' Fourth Amended Complaint. For the following reasons the motion is denied.

    Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement must "'give the defendant fair notice of what the [] claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint. Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). Thus, to survive a motion to dismiss, Plaintiffs must allege enough facts that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Wilson v. Price, 624 F.3d 389, 391-92 (7th Cir. 2010) (quoting Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008)). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citation omitted).

    Defendant City of Chicago argues that Plaintiffs fail to state a proper Monell claim. A municipality or

| STATEMENT |
|---|

other local government may be liable under 42 U.S.C. § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (citing Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 690 (1978)). To properly state a Monell claim, a plaintiff must allege that: "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." McCormick v. City of Chi., 230 F.3d 319, 323-24 (7th Cir. 2000) (citing McTigue v. City of Chi., 60 F.3d 381, 382 (7th Cir. 1995)).

    Plaintiffs allege that Defendant City of Chicago violated their constitutional rights pursuant to widespread practices: (1) that the City failed to properly train, supervise, discipline, and control its officers; (2) that the City failed to identify and respond to officers who repeatedly engaged in patterns of misconduct, including the Special Operations Section; (3) that through its inaction the City condoned and facilitated a "code of silence" in the Chicago Police Department; and (4) that Defendant Officers had and continued to engage in a pattern of misconduct similar to the misconduct against Plaintiffs. Further, Plaintiffs allege that these practices were known by municipal policy-makers of the City both before and after Plaintiffs' arrests. Defendant City of Chicago argues that these allegations are insufficient because they make broad and generalized allegations without identifying the specific custom, policy, or practice of which they complain. The Court disagrees. The Court finds these allegations sufficient to satisfy Twombly and its progeny. See Johnson v. City of Chi., No. 10 C 2850, 2010 WL 4790905, at *2 (N.D. Ill. Nov. 18, 2010). Accordingly, Defendant City of Chicago's motion is denied.

    IT IS SO ORDERED.