**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SENECA ADAMS, TARI ADAMS, and SICARA ADAMS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, <br><br> Defendant. | No. 06 C 4856 <br><br> Judge Charles R. Norgle <br><br> Magistrate Judge Geraldine Soat Brown |

**REVISED FINAL PRETRIAL ORDER**

**1.** This Order shall control the course of the trial and may not be amended except by consent of the parties or by order of the Court to prevent manifest injustice.

**2.** **Jurisdiction**: This is a civil rights action under 42 U.S.C. § 1983 and the jurisdiction of the court is invoked under 28 U.S.C. § 1367 and 28 U.S.C. § 1331. The jurisdiction of the court over plaintiff's supplemental state law claims is invoked pursuant to 28 U.S.C. § 1367. Jurisdiction is not disputed.

**3.** **Case Statement**:

PROPOSED BY PLAINTIFFS'

At issue in this trial are the damages to be awarded to the Plaintiffs to compensate them for the violation of their constitutional rights as well as Illinois state law.

The City of Chicago has admitted to liability as to the following:

  1. On September 14, 2004, Plaintiffs Seneca, Sicara and Tari Adams were arrested without probable cause in violation of the Fourth Amendment of the United States

Constitution.

        2.    Plaintiffs Seneca and Tari Adams' Fourth Amendment rights were violated by the use of excessive force.

        3.    Plaintiffs Seneca Adams and Tari Adams were charged and prosecuted with crimes that they did not commit. The officers involved caused criminal proceedings to be commenced and continued against Plaintiffs without any probable cause; these officers acted with malice; the charges against Plaintiffs were dismissed in a manner indicative of Plaintiffs' innocence; and, as a result of the malicious prosecution, Plaintiffs suffered damages.

        4.    Plaintiffs Seneca and Tari Adams' due process right to a fair trial under the 14th Amendment of the United States Constitution was violated when the involved officers withheld material evidence from prosecutors, the judge and defense counsel; and, as a result, Plaintiffs were harmed.

        5.    The officers violated Plaintiffs' right to equal protection under the Fourteenth Amendment of the United States Constitution in that the officers purposefully discriminated against Plaintiffs on account of their race.

        6.    The officers involved conspired to violate Plaintiffs' Constitutional rights in that (1) Plaintiffs were deprived of their Constitutional rights; (2) the officers involved, acting voluntarily and in concert with one another, conspired to reach an understanding to deprive Plaintiffs of their Constitutional rights; (3) in further of that conspiracy, the wrongdoers committed acts and were otherwise willful participants in joint activity with at least one of the other officers for the purpose of depriving Plaintiffs of their Constitutional rights; (4) this conspiracy resulted in the deprivation of Plaintiffs' Constitutional rights.

    7. The officers involved intentionally inflicted emotional distress upon the Plaintiffs in that: (1) their conduct was extreme and outrageous; (2) the they either intended that their conduct should inflict severe emotional distress, or knew that there was a high probability that of causing severe emotional distress; (3) the conduct did, in fact, cause severe emotional distress; and (4) the conduct was the proximate cause of Plaintiffs' injury.

 The issues are not in dispute but have already been determined. At issue in this trial are the compensatory damages to be awarded to Plaintiffs to fairly compensate them for the injuries that they have suffered. This includes both physical and emotional pain and suffering.

 OBJECTION: Defendant City objects to Plaintiffs' proposed statement of the case as it is unnecessarily confusing, includes matters that are not relevant to the assessment of damages and has the potential to improperly appeal to emotion and prejudice. *See Pleasance v. City of Chicago*, 396 Ill.App.3d 821(2009); *Guzman v. City of Chicago,* 689 F.3d 740 (7th Cir. 2012).

DEFENDANT CITYøS PROPOSED CASE STATEMENT TO BE READ TO THE JURY:

The following issues of liability have already been decided:

Seneca Adams:
On September 14, 2004 Seneca Adams was falsely arrested by Chicago Police Officers. During the course of that arrest, unnecessary force was used and he was subjected to discrimination because of his race. Seneca Adams was then maliciously prosecuted, meaning that there was not just cause to pursue or continue criminal charges against him. These acts caused severe emotional distress to Seneca Adams.

Tari Adams:
On September 14, 2004 Tari Adams was falsely arrested by Chicago Police Officers. During the course of that arrest, unnecessary force was used and he was subjected to discrimination because of his race. Tari Adams was then maliciously prosecuted, meaning that there was not just cause to pursue or continue criminal charges against him. These acts caused severe emotional distress to Tari Adams.

Sicara Adams:
On September 14, 2004 Sicara Adams was falsely arrested by Chicago Police Officers. During the course of that arrest, she was subjected to discrimination because of her race. These acts caused severe emotional distress to Sicara Adams.

The only issue to be decided in this case is the amount of damages that will fairly compensate Seneca, Tari and Sicara Adams for the injuries caused as a result of the acts just described because Defendants are only contesting the amount of damages claimed in this case. The circumstances underling the claims for damages are not relevant to your decision because they are not relevant to the case.

PLAINTIFFSøOBJECTION: Misstates the claims for which the jury needs to decide damages.

The characterization of the claims is incomplete and inaccurate. Likewise, the characterization of

the damages at issue from those claims is incomplete. Plaintiffs further object to the last

sentence, that circumstances surrounding eh events are not relevant as inaccurate and confusing.

The circumstances surrounding the events are relevant the damages.

4. **<u>Plaintiffs' Proposed Stipulations:</u>**

1) On September 14, 2004, Plaintiff Seneca Adams was arrested by Chicago Police Officer Matthew Riley.

2) Officer Riley used excessive physical force against Plaintiff Seneca Adams and Plaintiff suffered injuries as a result.

3) Officers Herrera, Hurley, Hopkins, O'Shaughnessy, Dahlberg, and McKeon were present at the arrest of Seneca Adams. These officers had the opportunity to intervene to prevent the excessive force but failed to do so.

4) On September 14, 2004, Plaintiff Tari Adams was arrested by Chicago Police Officers Herrera and Hurley.

5) Officers Herrera and Hurley used excessive physical force against Plaintiff Tari Adams and Plaintiff suffered injuries as a result.

6) On September 14, 2004, Plaintiff Sicara Adams was arrested by Chicago Police Officers Herrera and Hurley.

7) The officers had Seneca Adams charged with two counts of Aggravated Unlawful Use of a Weapon and one count of Aggravated Battery to an Officer.

8) The officers had Tari Adams charged with two count of Aggravated Assault and three counts of Aggravated Battery to an Officer.

9) The officers had Sicara Adams charged with Disorderly Conduct. This charge was dismissed on October 19, 2004.

10) On December 19, 2006, all charges against Seneca and Tari Adams were dismissed.

11) It has been established that Plaintiffs' Fourth Amendment rights were violated by the false arrests, made without probable cause, and the use of excessive force, which caused harm to Plaintiffs.

12) It has been established that Plaintiffs Tari and Seneca's Constitutional due process right was violated in that Officers Riley, Herrera, Hurley, Hopkins, O'Shaughnessy, Dahlberg, and McKeon cased the criminal trials of Plaintiffs to be unfair under the 14th Amendment by withholding material evidence.

13) It has been established that Plaintiffs Seneca, Tari and Sicara Adams' Constitutional right to equal protection was violated when Officers Officers Riley, Herrera, Hurley, Hopkins, O'Shaughnessy, Dahlberg, and McKeon purposefully discriminated against Plaintiffs on account of their race.

14) The officers involved conspired to violate Plaintiffs' Constitutional rights in that (1) Plaintiffs were deprived of their Constitutional rights; (2) the officers involved, acting voluntarily and in concert with one another, conspired to reach an understanding to deprive Plaintiffs of their Constitutional rights; (3) in further of that conspiracy, the wrongdoers committed acts and were otherwise willful participants in joint activity with at least one of the other officers for the purpose of depriving Plaintiffs of their Constitutional rights; (4) this conspiracy resulted in the deprivation of Plaintiffs' Constitutional rights.

15) It has been established that Plaintiffs Tari and Seneca Adams were maliciously prosecuted in that Officers Herrera, Hopkins and Riley caused criminal proceedings to be commenced and continued against Plaintiffs without probable cause; Officers Herrera, Hopkins and Riley acted with malice; the charges were dismissed in a manner indicative of Plaintiff's innocence; and Plaintiffs suffered damages as a result of the prosecution.

16) The officers involved intentionally inflicted emotional distress upon the Plaintiffs in that: (1) their conduct was extreme and outrageous; (2) the they either intended that their conduct should inflict severe emotional distress, or knew that there was a high probability that of causing severe emotional distress; (3) the conduct did, in fact, cause severe emotional distress; and (4) the conduct was the proximate cause of Plaintiffs' injury.

OBJECTION: Defendant City objects to Plaintiffs' proposed stipulations as they are unnecessarily confusing, include matters that are not relevant to the assessment of damages and have the potential to improperly appeal to emotion and prejudice. *See Pleasance v. City of Chicago*, 396 Ill.App.3d 821(2009); *Guzman v. City of Chicago,* 689 F.3d 740 (7th Cir. 2012).

## PLAINTIFF'S EXHIBIT LIST

**The following exhibits were offered by Plaintiff for admission and objected to by Defendant as follows:[1]**

| PLAINTIFF EX. # | DESCRIPTION | DEFENDANTS' OBJECTIONS | BASIS FOR ADMISSION |
|---|---|---|---|
| Pl. Exh. 1. | Photos of Seneca Adams taken on Sept. 15, 2004, bates nos. AD00012120, AD15192-15196. | No objection if redacted | Redaction agreed. |
| Pl. Exh. 2. | Photos of Tari Adams taken on Sept. 15, 2004, bates nos. AD015185-15189. | No objection if redacted | Redaction agreed. |
| Pl. Exh. 3. | Booking photograph, Seneca Adams, Bates AD000018. | | |
| Pl. Exh. 4. | Booking photograph, Tari Adams, Bates AD000019. | | |
| Pl. Exh. 5. | Court camera photo of Seneca and Tari Adams, bates no. AD015197. | Foundation | If needed, Plaintiffs will call a foundational witness from the court. |
| Pl. Exh. 6. | Photographs of Sicara Adamsø vehicle following Sept. 15, 2004 incident (copies bates nos. 00191-93). | No objection | |
| Pl. Exh. 7. | Photos of squad car, bates nos. 00186-187. | Not relevant to damages | Relevant to description of Defendantsø vehicle striking Plaintiffs. |
| Pl. Exh. 8. | Mercy Hospital Billing Statements, bates nos. 01122-1124. | Foundation; FRE 802 ó Hearsay. | Plaintiff to provide foundation. Billing statements are not hearsay. |
| Pl. Exh. 9. | Cermak Records of Seneca Adams, bates nos. 01149-1150, 1152, 1156. | Foundation; FRE 802 ó Hearsay These records are incomplete ó Defendants request that bates 1157 be | Dr. Angalate to provide foundation. Not hearsay ó FRE 803(4). |

---

[1] Plaintiffs reserve the right to introduce into evidence any of the exhibits listed by Defendants for which Plaintiff's objections are overruled or waived.

| | | | |
|---|---|---|---|
| | | included in the exhibit – if not agreed, Defendants will mark it as a separate exhibit. | |
| Pl. Exh. 10. | Cermak Records of Tari Adams, bates nos. 01165-1166. | Foundation; FRE 802 – Hearsay | Dr. Angalate to provide foundation. Not hearsay – FRE 803(4). |
| Pl. Exh. 11. | Defendant City of Chicago's Answers to Plaintiff's Second Set of Requests for Admission, Nos. 1-3, 5-10, 12-17, 19-23, 26, 28, 32-35, 37-38, 44-45, 48-50, 52-53, 55, 60. | Not relevant to damages | May be relevant and admissible depending on Defendants' cross-examination of Plaintiffs. |
| Pl. Exh. 12. | Certified Statement of Disposition, Seneca Adams. | If just used to refresh recollection no objection, however, if submitted as substantive evidence Defendant objects because there will be no foundation testimony for the jury to understand the information contained in this exhibit | The record is certified and can be explained after entered into evidence. |
| Pl. Exh. 13. | Certified Statement of Disposition, Tari Adams, bates 00035-39. | If just used to refresh recollection no objection, however, if submitted as substantive evidence Defendant objects because there will be no foundation testimony for the jury to understand the information contained in this exhibit | The record is certified and can be explained after entered into evidence. |
| Pl. Exh. 14. | Photographs of Matthew Riley, bates AD000153, 15199-15203. | Objection - relevance | Relevant to amount of force used against Seneca Adams and physical injuries and emotional distress he incurred. |
| Pl. Exh. 15. | Pretrial case summary report to court for Tari | If just used to refresh recollection no objection, | To refresh recollection. |

8

|  |  |  |  |
|---|---|---|---|
|  | Adams, bates AD0000279-80. | however, if submitted as substantive evidence Defendant objects because there will be no foundation testimony for the jury to understand the information contained in this exhibit |  |
| Pl. Exh. 16. | Pretrial case summary report to court for Seneca Adams, bates AD000082-83. | If just used to refresh recollection no objection, however, if submitted as substantive evidence Defendant objects because there will be no foundation testimony for the jury to understand the information contained in this exhibit | To refresh recollection. |
| Pl. Exh. 17. | Photograph of Seneca Adams prior to events, bates 00118. |  |  |
| **Exhibits Marked for Identification Purposes Only:** | | | |
| Pl. Exh. 18. | Forensics Report of Michelle Glasgow. Defendant's Objection: Not relevant to any issue before the jury | | |

**Plaintiffs' Demonstrative Exhibits**

Enlargements of photographs and documents (previously marked).

Google map of the relevant area with street view photograph printouts.

**DEFENDANTS' EXHIBIT LIST**

The following Exhibits are offered by Defendants for admission and objected to by Plaintiff as follows:[2]

| DEFS' EX. # | DESCRIPTION | PLAINTIFF'S OBJECTIONS | BASIS FOR ADMISSION |
|---|---|---|---|
| 1 | Mercy Records 1095-1106 (Seneca) | Foundation; FRE 802 - Hearsay | Refresh memory and cross examination of Dr. Analgate |
| 2 | Mercy Records 1107-1121 (Tari) | Foundation; FRE 802 - Hearsay | Refresh memory and cross examination of Dr. Analgate |
| 3 | CR # 300724, AD 0011774-77, YvetteAdams stmt. to OPS | Hearsay ó FRE 802. | For impeachment only |
| 4 | CR # 300724, AD 0011780-84 Seneca Adams stmt. to OPS | Hearsay ó FRE 802. | Admission of a party |
| 5 | CR # 300724, AD 0011836-40, Tari Adams stmt. to OPS | Hearsay ó FRE 802. | Admission of a party |
| 6 | CR # 300724, AD 0011866-68, Sicara Adams stmt. to OPS | Hearsay ó FRE 802. | Admission of a party |
| 7 | CR # 300724, AD 0011874-79, Kenyonda Bradley Stmt. to OPS | Hearsay ó FRE 802. | For impeachment only |
| 8 | CR # 300724, AD 0011931-33, Jonathan Knox Stmt. to OPS | Hearsay ó FRE 802. | For impeachment only |
| 9 | CR # 300724, AD 0011974-75, Kimberly Jones Stmt. to OPS | Hearsay ó FRE 802. | For impeachment only |
| 10 | Map of scene as marked up by Plaintiffs in their depositions | Not relevant to damages. | Admission of a party |
| 11 | Plaintiff Tari AdamsøResponse to JarosøFirst Set of Contention Interrogatories | Only 1 of 15 interrogatories is answered, the remaining objections are not relevant and would be confusing to jurors and unduly prejudicial (FRE 403). | Defendant seeks to use this exhibit only to the extent there are admissions relating to damages |

---

[2] Defendants reserve the right to introduce into evidence any of the exhibits listed by Plaintiffs for which Defendantsø objections are overruled or waived.

| 12 | Plaintiff Seneca Adams' Answers to O'Shaughnessy's Interrogatories | Contains information that is not relevant and is unfairly prejudicial (FRE 403). | Defendant seeks to use this exhibit only to the extent there are admissions relating to damages |
| --- | --- | --- | --- |
| 13 | Plaintiff Tari Adams' Answers to O'Shaughnessy's Interrogatories | Contains information that is not relevant and is unfairly prejudicial (FRE 403). | Defendant seeks to use this exhibit only to the extent there are admissions relating to damages |
| 14 | May 15, 2006 Transcript of Proceedings in *People v. Seneca Adams and Tari Adams*, 04 CR 23699, pgs. 17-51 (Seneca Adams) | FRE 802 – Hearsay; Relevance;. | Admission of a party |
| 15 | May 9, 2006 Transcript of Proceedings in *People v. Seneca Adams and Tari Adams*, 04 CR 23699, 00214-35, 00408-410 (Norma Coleman) | No objection if used for impeachment only. | For impeachment only |
| 16 | May 15, 2006 Transcript of Proceedings in *People v. Seneca Adams and Tari Adams*, 04 CR 23699, pgs. 3-16 (Kathaleen Hadley) | No objection if used for impeachment only. | For impeachment only |

**(d)** **Witness List**

    **Plaintiff's Witness List**[3]

    WILL CALL:

        1.    Plaintiff Seneca Adams

        2.    Plaintiff Tari Adams

        3.    Plaintiff Sicara Adams

    MAY CALL:

        4.    Yvette Adams, 1208 S. Perry, Chicago, Illinois 60628

---

[3] Plaintiffs reserve the right to call any witnesses listed by Defendants.

5. Kenyonda Bradley
   3303 W. Polk, Chicago, Il 60624

6. Crystal Cook
   10150 South Morgan, Chicago, Il, 60643

7. Kimberly Jones
   4155 W. Arthington, Chicago, IL 60624

   Objection: Witness was served with a subpoena for a deposition and never appeared and should therefore be barred at trial.

8. Kathleen Hadley
   2548 South Washtenaw, Chicago, IL 60608

   Objection: Witness was never disclosed by Plaintiff until after the close of discovery.

9. Jonathan Knox
   9330 W. McDowell Rd., Apt. 2109, Phoenix, AZ 85037

10. Norma Coleman
    160 N. Pine Avenue, Chicago, IL 60644

11. Dr. Enoch Analgate, Cook County Bureau of Health Services

12. *For rebuttal purposes only:* Michele M. Glasgow (Rule 26(a)(2) expert witness), Forensic Science Consultants, Inc.

    Objection: Witness not relevant to damages

**Defendant's Witness List**[4]

**May Call:**

Robert Nemzin
2536 S. California Ave.
Chicago, IL 60608

   PlaintiffsøObjection: Relevance.

---

[4] Defendant reserves the right to call any witnesses listed by Plaintiffs.

        TO PROVE UP IMPEACHMENT ONLY:

            Investigator Crystal Foster, #242
                c/o Rock Fusco & Connelly, LLC
                321 N. Clark Street, Suite 2200
                Chicago, IL 60654

            Investigator Dennis Kamalick, #282
                c/o Rock Fusco & Connelly, LLC
                321 N. Clark Street, Suite 2200
                Chicago, IL 60654

            Investigator J.A. Goodwin, #291
                c/o Rock Fusco & Connelly, LLC
                321 N. Clark Street, Suite 2200
                Chicago, IL 60654

            Investigator Krista Simos, #264
                c/o Rock Fusco & Connelly, LLC
                321 N. Clark Street, Suite 2200
                Chicago, IL 60654

            Investigator Roberto Soto, #251
                c/o Rock Fusco & Connelly, LLC
                321 N. Clark Street, Suite 2200
                Chicago, IL 60654

**(e)**    **Expert Witnesses**

        1.    Michele M. Glasgow, Forensic Science Consultants, Inc

**(f)**    **Depositions to be Read into Evidence:**

None.

**(g)**    **Itemized Statement of Damages:**

Plaintiffs seek compensatory damages for physical injuries and emotional distress. Pursuant to the agreement by Defendant City of Chicago admitting to liability on all state and federal claims, Plaintiffs have dismissed their punitive damages claims.

13

**(h)(ii) Jury Instructions:**

The parties' proposed instructions are attached hereto as Exhibit A. Where the parties disagree those objections are noted and the disputed instructions are included within Exhibit A.

**(i)** **Discovery**:

All discovery has been completed.

**(j)** **Motions in Limine:**

The motions *in limine* were previously filed and, in part, ruled on by the Court. Other motions *in limine,* not yet ruled upon, have been mooted by the City's admission of liability and Plaintiffs' dismissal of the claims against the individual officers.

The parties held a Rule 37.2 conference regarding motions *in limine* on Thursday, May 25, 2013. The following proposed motions were agreed to by all parties and remain relevant to the trial following the agreement on liability:

1) Plaintiffs' motion *in limine* to bar any arrests of the plaintiff other than any felony convictions or convictions for crimes involving dishonesty.

2) Plaintiffs' motion *in limine* to bar reference to Seneca Adam's employment history and periods of unemployment.

3) Plaintiffs' motion *in limine* to bar argument appeal to juror's pecuniary interest as taxpayers.

4) Plaintiffs' motion *in limine* regarding juror background checks. Defendants have agreed that if background checks are conducted the information returned will be shared with Plaintiffs' counsel simultaneously and, if done, they will be conducted on all potential jurors.

5) Plaintiffs' motion to exclude any suggestion of drug use.

6) Plaintiffs' motion *in limine* to bar reference to the municipal property damages case.

7) Plaintiffs' motion *in limine* to bar any reference to OPS or IAD findings of not-sustained, unfounded or exonerated.

8) Plaintiffs' motion *in limine* to bar any reference to gangs or suggestion that Plaintiffs were associated with gangs.

    9)     Defendants' motion *in limine* to bar reference to or argument indicating that Defendants may be indemnified against any judgment in this action. This motion is agreed with the understanding that Defendants will not open to the door by offering evidence or argument regarding their own finances.

    10)     Defendants' motion *in limine* to bar reference to or argument regarding "sending a message to the City" with a potentially adverse verdict.

    11)     Defendants' motion to exclude all non-party witnesses from the courtroom.

Following the agreement on liability and dismissal of punitive damages claims, the parties agree that the following evidence is no longer relevant to or admissible in this trial:

1. Any injuries that the individual officers claimed to have sustained during the events and related medical treatment.

2. The Rule 404(b) witnesses previously listed by Plaintiffs.

3. The search of the Bradley home.

4. The reasons for the final dismissal of the misdemeanor charges including the criminal indictments of the S.O.S. officers.

5. Any events prior to the officers' approach of Seneca Adams, including various witness accounts of events occurring at or near the corner store.

6. Any contention, argument or suggestion that the officers did not plant the gun on Seneca Adams.

7. Plaintiffs will not refer to the officers "planting" the gun. Plaintiffs will testify that Seneca was charged with having a gun that he did not have and that he was falsely accused of having a gun.

**3.**     **The trial of this case is expected to take three to five days.**

**4.**     **This will be a Jury Trial.**

**5.**     **The Plaintiffs recommend that 10 jurors be selected at the commencement of the trial.**

**6.**     **Liability has been agreed to; this trial is limited to compensatory damages.**

15

7. The parties do not consent to reassignment of this case to a magistrate judge for trial.

8. This order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

9. Possibility of settlement of this case has been considered by the parties.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

Date: September 25, 2013

 /a/ Amanda Antholt                           /s/ GERI LYNN YANOW
**Attorneys for Plaintiffs**                  **Attorney for Defendant City of Chicago**
Amanda Antholt                                Geri Lynn Yanow
Christopher R. Smith                          Office of the Corporation Counsel
Smith, Johnson & Antholt LLC                  30 N. LaSalle Street, Suite 1400
112 South Sangamon Street, 3rd Floor     Chicago, IL 60602
Chicago, IL 60607                             (312) 744-2837
(312)432-0400

 /s/ Eileen E. Rosen
**Attorney for Defendant City of Chicago**
Eileen E. Rosen
Rock Fusco & Connelly, LLC
321 N. Clark Street #2200
Chicago, IL 60654
(312) 494-1000